IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:22-cr-21 |
| | ) | |
| MARCOS MONARREZ-MENDOZA | ) | [21 U.S.C. § 846] |
| SAMUEL AGUIRRE | ) | |
| MARCO ARMENTA  a/k/a "Marckito" | ) | |
| MARK CAMACHO | ) | **[UNDER SEAL]** |
| ROBERT FOSTER | ) | |
| DONALD GARWOOD | ) | |
| ERIVAN GUERRERO  a/k/a "Chino" | ) | |
| BRYCE HILL  a/k/a "Benji" | ) | |
| EMMANUEL LOPEZ  a/k/a "Manny" | ) | |
| CESAR MONARREZ  a/k/a "Pollo" | ) | |
| MARCOS MONARREZ, JR.  a/k/a "Nene" | ) | |
| JAIRO MORALES  a/k/a "Smiley" | ) | |
| STEPHANIE ORTIZ  a/k/a "Azula" | ) | |
| VALERIE SANCHEZ | ) | |
| HEAVEN WEST  a/k/a "Cielo" | ) | |
| CARLOS ZAMORA  a/k/a "Calancho" | ) | |
| HUMBERTO ARREDONDO-SOTO | ) | |
| a/k/a "Ban Ban" | ) | |
| COLBY BARROW  a/k/a "Bando" | ) | |
| LUIS CHAVEZ-ORTEGA | ) | |
| DONNELL COLLINS  a/k/a "Teenager" | ) | |
| MOHAMED KARIYE | ) | |
| JESUS LOPEZ  a/k/a "J-Lo" | ) | |
| DIEGO MONARREZ | ) | |
| AVANTE NIX | ) | |
| ALICIA PARKS | ) | |
| JAMES PINKSTON  a/k/a "Baby" or "Red" | ) | |
| JESUS RAMIREZ | ) | |
| SAHAL SAHAL | ) | |
| DIAMOND WILLIAMS-DORSEY | ) | |



FEB 14 2023

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Arnold P. Bernard, Jr., Assistant United States Attorney for said district, and submits the following Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A federal grand jury returned a one-count Superseding Indictment against the above-named defendants for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT(S) CHARGED |
|---|---|---|---|
| 1 | Conspiracy to possess with intent to distribute and distribute Schedule II controlled substances<br><br>April 2022 to January 2023 | 21 U.S.C. § 846 | MONARREZ-MENDOZA, AGUIRRE, CAMACHO, GARWOOD, GUERRERO, HILL, E. LOPEZ, MONARREZ, JR., C. MONARREZ, MORALES, ORTIZ, SANCHEZ, ZAMORA, ARREDONDO-SOTO, CHAVEZ-ORTEGA, COLLINS, J. LOPEZ, PARKS, PINKSTON, and RAMIREZ (5 kilograms or more of cocaine; 400 grams or more of fentanyl; 500 grams or more of methamphetamine)<br><br>D. MONARREZ (400 grams or more of fentanyl; 500 grams or more of methamphetamine)<br><br>ARMENTA, FOSTER, WEST, BARROW, KARIYE, NIX, SAHAL, and WILLIAMS-DORSEY (400 grams or more of fentanyl) |

## II. ELEMENTS OF THE OFFENSE

**As to Count 1:**

For the crime of conspiracy to distribute and possess with intent to distribute Schedule II controlled substances, in violation of 21 U.S.C. § 846, to be established, the United States must prove the first three of the following elements beyond a reasonable doubt. To hold a particular defendant responsible, under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(vi), and/or 841(a)(1)(A)(viii), for specified quantities of controlled substances as charged in Count One of the Indictment, the United States must prove all four of the following elements beyond a reasonable doubt:

1. That two or more people agreed to distribute or possess with intent to distribute a controlled substance;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objectives to distribute and possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4. That the controlled substance was cocaine, fentanyl, or methamphetamine; and that the amount of cocaine, fentanyl, or methamphetamine attributable to the defendant as a result of the defendant's own conduct and the conduct of conspirators that was reasonably foreseeable to the defendant, was the amount of the controlled substance(s) attributed to the defendant in Count One of the Superseding Indictment.

### III. PENALTIES

**As to Count 1: Conspiracy to distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. §§ 846, 841(b)(1)(A)(ii), 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii)):**

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine of up to $10,000,000.

3. A term of supervised release of at least five (5) years.

If the defendant had a prior conviction for a serious drug felony or a serious violent felony that was final:

1. A term of imprisonment of not less than fifteen (15) years to a maximum of life.

2. A fine of up to $20,000,000.

3. A term of supervised release of at least ten (10) years.

If the defendant had two or more prior convictions for a serious drug felony or a serious violent felony that were final:

1. A term of imprisonment of not less than twenty-five (25) years to a maximum of life.

2. A fine of up to $20,000,000.

3. A term of supervised release of at least ten (10) years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed at each count of conviction, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution is not an issue in this case at this time.

## VI. FORFEITURE

The Superseding Indictment seeks forfeiture of property and proceeds of the charged crime.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*/s/ Arnold P. Bernard, Jr.*
ARNOLD P. BERNARD, JR.
Assistant U.S. Attorney
PA ID No. 313734